# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CARLOS MANUEL, ) | |
| ) | |
| Movant, ) | Case No. 3:13-cv-00086 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Movant, Carlos Manuel, filed this pro se action under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Movant asserts two Sixth Amendment claims: ineffective assistance of counsel, namely that his counsel failed to file an appeal, and, a Fifth Amendment due process claim that his underlying state drug convictions do not satisfy the requirements for an Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) under which Movant was sentenced.

In response, the United States submits: (1) that Movant cannot prove "prejudice" for his ineffective assistance claims; (2) that in his first motion, Movant failed to raise any failure to appeal claim and such a claim is untimely ; and (3) that Movant's prior state convictions are separate and qualify for a sentence under the ACCA.

On January 7, 2009, a federal grand jury charged Petitioner with three counts: felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and 924; conspiracy to possess with intent to distribute and distribution of over 50 kilograms of marijuana, in violation of 21 U.S.C. § 846; and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). (Case No. 3:09-cr-00007, Docket Entry No. 15, Indictment). On November 8, 2011, after selection of a jury, Movant elected to plead guilty to all counts. Id. at Docket Entry No. 78, Minute Entry.

Although Movant did not have a plea agreement, Movant and the Government agreed to a sentence of 15 years of imprisonment because Movant was a career offender. Id. at Docket Entry No. 87, Sealed Statement of Reasons at 3.

At his sentencing hearing, Movant raised the issue of whether his underlying state felony convictions constituted one distinct act to preclude a sentence under the ACCA. Id. at Docket Entry No. 93, Sentencing Hearing Transcript at 5. This Court found that Movant had two separate drug transactions on two different dates, and his conduct resulted in two separate convictions. Id. at 6.

In addition, Movant argued for a downward variance, but after Movant understood this request would constitute a breach of his plea agreement and allow the Government to argue for a guideline sentence, Movant relented: "I agree to 180 months" Id. at 10. On February 4, 2012, Movant received the sentence of 180 months. Id. at Docket Entry No. 86, Judgment. At the end of Movant's sentencing hearing, the Court advised him of his right to appeal within fourteen days after entry of judgment. Id. at Docket Entry No. 93 at 7, 11. Movant filed this action on February 4, 2013. (Docket Entry No. 1).

As to his claim that his counsel failed to appeal, in response to the question, "If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not," Movant responded "N/A." (Docket Entry No. 1 at 4). Movant's first motion raised only an ACCA claim. In a second 2255 motion filed on March 13, 2013, Movant's claims are: (1) his attorney failed to file a timely notice of appeal, and (2) his ACCA claim. (Docket Entry No. 7).

Section 2255 has a one-year limitations period that commences from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

2

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Movant's conviction became final on February 21, 2012, the date that marked the expiration of the 14-day time period when he could have filed a timely appeal of "Judgment in a Criminal Case." See Fed. R. App. P. 4(b)(1) (2012 edition). On February 4, 2013, Movant's only claim was his ACCA claim. (Docket Entry No. 1). On February 8, 2013, this Court ordered Petitioner to sign his motion and return the signed motion in 30 days. (Docket Entry No. 3, Order). Movant did not assert this failure to appeal claim until March 13, 2013. (Docket Entry No. 7, Petitioner's Second Motion). Thus, the Court concludes that this appeal claim is time barred.

As to whether this claim relates back to the filing of his original motion, Rule 15 of the Federal Rules of Civil Procedure applies to a habeas proceeding. Mayle v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Mayle any claim in a subsequent amendment can relate back to the filing of the original motion if the claim in the amended motion contains a common nucleus of facts in the original petition. Id.

Here, Movant's ineffective assistance of counsel claim is untimely and in his initial motion to vacate, Movant stated that his appeal had nothing to do with his claim. (Docket Entry No. 1 at 3-4). Thus, there is not any "common core of operative facts" uniting Movant's failure to file an appeal claim with his ACCA status claim. See Fed. R. Civ. P. 15(c)(1)(B); Mayle v. Felix, 545 U.S. 644,

3

664 (2005).

Even if timely, Movant has failed to present proof that he requested his attorney to file an appeal in a timely manner. At sentencing, this Court expressly informed Movant that he had 14 days from sentencing to file an appeal. (Case No. 3:09-cr-00007, Docket Entry No. 93 at 7, 11). Movant's only proof is a letter, dated June 20, 2012, four months after the deadline for filing an appeal. (Docket Entry No. 7 at 6). Movant's second letter to his attorney does not mention any appeal. Id. at 5. At sentencing, Movant asked this Court, "Do I have any – my appeal rights?" To which, the Court responded, "Yes, sir. You have the right to appeal any decision made by this Court at any stage of the proceedings. And you have to file a notice of appeal 14 days after today." (Case No. 3:09-cr-00007, Docket Entry No. 93 at 7, 11). Finally, the appeal issue centers on Movant's ACCA claim that as discussed below lacks merit. Thus, Movant could not prove the requisite prejudice for his ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

As to his ACCA claim, Section 2255 grants relief for violations of federal law when the error presents a "fundamental defect which inherently results in a complete miscarriage of justice . . . ." Reed v. Faley, 512 U.S. 339, 348 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.1996). Rule 4(b) of the Rules Governing Section 2255 provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record or prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Under Section 2255, "the files, records, transcripts and correspondence relating to th[e] judgment" are available to the Court in considering the Movant's motion. Rule 4, Advis. Comm. Notes. An evidentiary hearing is not required if the record conclusively shows that the movant is not entitled to relief. 28 U.S.C. § 2255; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir.1999). A hearing is not required "if the petitioner's allegations

4

'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Arredondo, 178 F.3d at 782 (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The ACCA provides a mandatory minimum sentence of 15 years for a defendant who is convicted of violating 18 U.S.C. § 922(g), the felon in possession statute and has three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e). The ACCA provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

In United States v. Brady, 988 F.2d 664, 667-68 (6th Cir. 1993), the Sixth Circuit addressed the meaning of "on occasions different from one another," within the meaning of § 924(e)(1). In Brady, the defendant committed two armed robberies in two different locations using the same weapon and accomplice within a thirty minute period. Id. at 666. The defendant argued that these crimes arose from closely related conduct, and should be counted as one conviction for sentence-enhancement purposes. Id. The Sixth Circuit held that mere proximity in time is insufficent to constitute a single crime spree. Id. at 668 (citing United States v. Tisdale, 921 F.2d 1095, 1099 (10th Cir.1990) (deciding that three burglaries committed at different stores within the same shopping mall during the same evening were separate criminal episodes for purposes of § 924(e)(1)).

In United States v. Murphy, 278 Fed.Appx. 577 (6th Cir. 2008), the test to determine separate offenses under Section 924(e)(1) was stated as follows:

> First, two offenses are separate if it is possible to discern the point at which the first offense is completed and the second offense begins. Second, two separate offenses are committed if the defendant had the opportunity to cease his criminal conduct after the first offense and withdraw from committing the second offense. Finally, separate offenses are committed if the offenses are committed in different residences or business locations.

278 Fed.Appx. at 582-83 (internal punctuation and citations omitted) (citing United States v. Hill, 440 F.3d 292, 297-98 (6th Cir. 2006); see also United States v. Carnes, 309 F.3d 950, 955-56 (6th Cir. 2002) (holding that offenses committed at different times and places against different victims, even within a short time period, are separate and distinct criminal episodes under § 924(e)(1)).

Here, Movant's claim is that his two convictions on September 13, 1994 for two counts of sale of more than 26 grams of cocaine represents a single and continuous offense rather than two separate offenses. Movant, however, does not challenge the facts underlying these convictions that reflect that on April 28, 1993, Movant sold 27.2 grams of cocaine to an undercover police officer and on May 14, 1993, Movant sold 27.9 grams of cocaine to an undercover police officer. (Case No. 3:09-cr-00007, Docket Entry No. 93 at 5-6). In sum, Movant's convictions involved two separate drug deals on two separate dates. Thus, the Court concludes that Movant's convictions qualify as two separate predicate convictions under Section 924(e)(1).

For these reasons, the Court concludes that Movant's claims should be dismissed without a hearing.

An appropriate Order is filed herewith.

ENTERED this the ___ day of February, 2016.

_____
WILLIAM J. HAYNES, JR.
United States District Judge